## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| STEFAN PASSANTINO,<br><br>　　　Plaintiff,<br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　Defendant. | Civil Action No.<br>4:23-cv-00300-ELR |

### DEFENDANT'S MOTION FOR EXTENSION OF TIME

Defendant United States of America, by and through the United States Attorney for the Northern District of Georgia and the undersigned Assistant United States Attorney, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) for an extension of time in which to file a responsive pleading to Plaintiff Stefan Passantino's Complaint (Doc. 1), through and including May 3, 2024. Defendant seeks this extension of time on the grounds that failing to respond within the allotted time was a result of excusable neglect. And the Court should be made aware that it potentially lacks subject matter jurisdiction to hear the Plaintiff's claims.

Dated: April 25, 2024.

                                                       Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

*/s/ A. Jonathan Jackson*

A. JONATHAN JACKSON
*Assistant United States Attorney*
Georgia Bar No. 852077
Jonathan.Jackson2@usdoj.gov
United States Attorney's Office
Richard B. Russell Federal Building
75 Ted Turner Drive SW, Suite 600
Atlanta, GA  30303-3309
Tel. (404) 581-6000   Fax (404) 581-6181

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEFAN PASSANTINO, | |
| Plaintiff, | Civil Action No. |
| v. | 4:23-cv-00300-ELR |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR EXTENSION OF TIME**

Defendant seeks an extension of time in which to file a responsive pleading under Fed. R. Civ. P. 6(b)(1)(B) on the grounds that its failing to do so within the allotted time was a result of excusable neglect.

## I.     Procedural History

On December 20, 2023, Plaintiff filed the subject Complaint [Doc. 1]. Plaintiff served Defendant on February 14, 2024 [Doc. 15-1]. The deadline for Defendant to file a response to Plaintiff's Complaint was April 15, 2024. Defendant filed a Motion for Extension of Time on April 15, 2024—but the document included a typographical error [Doc. 18]. Defendant then filed an Amended Motion for Extension of time on April 16, 2024 [Doc. 19]. The original and Amended motions were filed prior to Plaintiff's counsel having an opportunity to indicate whether

they would oppose their filing. On April 16, 2024, Plaintiff's counsel consented to the extension. However, on April 16, 2024, the Court denied Defendants motions for failure to show due cause. On April 17, 2024, Plaintiff's counsel withdrew consent to the Defendant's motions for extension.

## II.   Defendant's grounds for seeking extension.

### Defendant's Excusable Neglect Warrants Additional Time to Respond to Plaintiff's Complaint

Defendant's failure to file a responsive pleading satisfies the Supreme Court's four factor test for determining whether an oversight constitutes excusable neglect:

> The Supreme Court has designated four factors that a court should consider when determining whether a late filing results from excusable neglect: (1) "the danger of prejudice to the debtor"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith.

*Satco Prod., Inc. v. Seoul Semiconductor Co.*, 551 F. Supp. 3d 1329, 1331 (N.D. Ga. 2021).

**1) Reason for the delay**

The undersigned counsel required additional time draft a complete responsive pleading at the time a response was due. Plaintiff's claims involve

allegations against the United States House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol. Several of the Members of this Committee, some named in Plaintiff's Complaint, are high profile politicians that are not as readily accessible as typical executive agency employees—requiring more time to acquire records and determine the parties in possession of relevant documents. Moreover, undersigned Defendant's counsel had just returned from 3 months of parental leave when Plaintiff's complaint was served and was faced with multiple deadlines in other outstanding cases upon his return. While Defendant's counsel was in the process of drafting a responsive pleading at the time a response was due, he needed more time to draft one that fully encompassed all the Defendant's defenses. Moreover, Defendant believes that the Court needs to be made fully aware that it may not have subject matter jurisdiction to hear Plaintiff's claims. *See*, *McIntosh v. Royal Caribbean Cruises, Ltd*. 5 F.4th 1309, 1312 (11th Cir. 2021) (noting that: "A federal court has an independent duty to ensure that it has subject-matter jurisdiction"). Allowing Defendant more time to file a responsive pleading will ensure that the case is not improperly before the Court, as Defendant will be able to explain these issues, and the Plaintiff's complaint can be dismissed accordingly.

**2) Danger of prejudice**

Less than 30 days have passed since the original deadline to file a responsive pleading. In light of these circumstances, there is no danger of undue prejudice to Plaintiff.

**3) Length of delay and potential impact on proceedings**

As noted above, the delay here is minimal—less than 30 days, and the proceedings will not be impacted by the Defendant filing a responsive pleading.

**4) Defendant acted in good faith**

Defendant made a good faith error in failing to respond to the Complaint—there was no intent to gain an advantage. More time was needed to respond, and Defendant sought an extension—albeit on the same day as the filing deadline. Whether the defendant sought to take advantage of an untimely filing is the main test courts use to assess the good faith prong of the excusable neglect test. *J.V.O. v. Fulton Cnty. Sch. Dist.*, No. 1:19-CV-01192, 2019 WL 12433361, at *3 (N.D. Ga. May 17, 2019) ("In the good-faith prong of the excusable-neglect inquiry, courts 'assess whether the movant intentionally sought advantage by untimely filing.' *Yang*, 435 F. App'x at 844 (citing *Cheney*, 71 F.3d at 850)).

### III.  Conclusion

For the reasons mentioned above, Defendant United States of America respectfully requests an extension of time, through and including May 3, 2024, to file a responsive pleading.

For the Court's convenience, a proposed order granting the extension of time is attached.

Dated: April 25, 2024.

RESPECTFULLY SUBMITTED,

RYAN K. BUCHANAN
*United States Attorney*

*/s/ A. Jonathan Jackson*
A. JONATHAN JACKSON
*Assistant United States Attorney*
Georgia Bar No. 852077
Jonathan.Jackson2@usdoj.gov
United States Attorney's Office
Richard B. Russell Federal Building
75 Ted Turner Drive SW, Suite 600
Atlanta, GA  30303-3309
Tel. (404) 581-6000   Fax (404) 581-6181

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEFAN PASSANTINO, | |
| PLAINTIFF, | Civil Action No. |
| v. | 4:23-cv-00300-ELR |
| UNITED STATES OF AMERICA, | |
| DEFENDANT. | |

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing document has been prepared using Book Antiqua, 13-point font.

*/s/ A. Jonathan Jackson*
A. JONATHAN JACKSON
*Assistant United States Attorney*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEFAN PASSANTINO, | |
| Plaintiff, | Civil Action No. |
| v. | 4:23-cv-00300-ELR |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

### CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2024, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

Bryan P. Tyson (Ga. Bar No.515411)
THE ELECTION LAW GROUP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339

Jesse R. Binnall
Shawn M. Flynn
Jared J. Roberts
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314

*/s/ A. Jonathan Jackson*
A. Jonathan Jackson
*Assistant United States Attorney*