IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| STEFAN PASSANTINO, | |
| PLAINTIFF, | Civil Action No. |
| v. | 4:23-cv-00300-ELR |
| UNITED STATES OF AMERICA | |
| DEFENDANTS. | |

## DEFENDANT'S ANSWER AND DEFENSES TO COMPLAINT

Defendant United States of America hereby answer Plaintiff's Complaint
(ECF No. 1) and presents its defenses as follows:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims,
which are expressly barred by the exceptions to the Federal Tort Claims Act
under 28 U.S.C. § 2680.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of sovereign immunity.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff's alleged injuries and damages are not the direct and proximate result of any negligence, wrongful act, or omission by or attributable to Defendant.

## FIFTH DEFENSE

Plaintiff's recovery for any injury, damage, or loss should be reduced by Plaintiff's own degree of responsibility or fault for the injury, damages, or losses claimed.

## SIXTH DEFENSE

Plaintiff has failed to mitigate, obviate, diminish or otherwise act to avoid, lessen or reduce the injuries, damages, or losses alleged, and they must be limited accordingly.

## SEVENTH DEFENSE

Plaintiff's award of damages must be limited by the total amount of Plaintiff's administrative claim(s). 28 U.S.C. § 2675(b).

## EIGHTH DEFENSE

The Affirmative Defenses that have been asserted in this Answer are not exhaustive, and the United States hereby expressly reserves the right to amend this Answer to bring additional Affirmative Defenses over the course of this action, as the facts and evidence may warrant.

# RESPONSES TO SPECIFIC ALLEGATIONS IN COMPLAINT

1.  Defendant denies the allegations in Paragraph 1 of the Complaint.

2.  Defendant denies the allegations in Paragraph 2 of the Complaint.

3.  Defendant denies the allegations in Paragraph 3 of the Complaint.

4.  Defendant denies the allegations in Paragraph 4 of the Complaint.

5.  Defendant denies the allegations in Paragraph 5 of the Complaint.

6.  Defendant denies the allegations in Paragraph 6 of the Complaint.

## PARTIES

7.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8.  Defendant admits that the United States of America is comprised, *inter alia*, of the United States Congress and its constituent federal government agencies and departments. Defendant admits that it is usually responsible for the negligent or wrongful acts of its employees or agents, acting within the scope of their employment or agency, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* Defendant otherwise denies the remaining allegations in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Defendant admits that the claims in this case arise under federal law and the United States is a defendant; however, Defendant denies that the Court has subject matter jurisdiction over these claims and denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint.

## FACTUAL BACKGROUND

### Background of the Parties

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

## THE COMMITTEE SEEKS CASSIDY HUTCHINSON'S TESTIMONY

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendant admits the allegations in Paragraph 29 to the extent they accurately cite Ms. Hutchinson's testimony. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

### *THE COMMITTEE ESTABLISHED A BACKCHANNEL BEHIND MR. PASSANTINO'S BACK WITHOUT DUE PROCESS OR NOTICE*

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36. Defendant denies that the Committee acted "unjustifiably" or "improperly." Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant admits that Ms. Hutchinson appeared before Congresswoman Elizabeth Cheney on May 12, 2022. Defendant lacks knowledge or information sufficient to admit or deny whether Senior Investigative Counsel Dan George was present at that meeting. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint.

42. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

43. Defendant admits that Ms. Hutchinson appeared before the Committee on June 28, 2022. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 43 of the Complaint.

44. Defendant admits the allegations in Paragraph 44 of the Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant admits the allegations in Paragraph 49 of the Complaint.

50. Defendant admits that the Committee issued an executive summary of its final report on December 19, 2022, without consulting Mr. Passantino as to the substance of the summary. Defendant denies that the Committee was required to consult Mr. Passantino regarding the substance of its executive summary and otherwise denies the allegations in Paragraph 50 of the Complaint.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53. Defendant lacks knowledge or information sufficient to determine the facts concerning what CNN deems is newsworthy and otherwise denies the remaining allegations in Paragraph 53 of the Complaint.

54. Defendant admits the allegations in Paragraph 54 of the Complaint to the extent they accurately describe and quote from the referenced CNN article.

55. Defendant admits the allegations in Paragraph 55 of the Complaint to the extent they accurately quote from the referenced CNN article. Defendant denies the remaining allegations in Paragraph 55 of the Complaint.

56. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57. Defendant denies that appearing before a House Committee is "wholly private." Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 57 of the Complaint.

58. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59. Defendant admits the allegations in Paragraph 59 to the extent they accurately cite Ms. Hutchinson's testimony. Defendant otherwise lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60. Defendant admits the allegations in Paragraph 60 to the extent they accurately cite Ms. Hutchinson's testimony. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61. Defendant admits the allegations in Paragraph 61 of the Complaint to the extent they accurately quote from the referenced CNN article. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61 of the Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

64. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint.

65. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint.

68. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint.

69. Defendant denies that the public had no interest in the attorney-client relationship between Mr. Passantino and Ms. Hutchinson. The public has an interest in the subject matter of the Committee's investigation and the credibility of witness testimony. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies that the Committee intended to cause harm to Mr. Passantino. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 71 of the Complaint.

72. Defendant denies that any of the Committee's actions are properly characterized as "unjustifiable, outrageous" or "malicious." Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 72 of the Complaint.

73. Defendant denies that any of the Committee's actions are properly characterized as "egregious." Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 73 of the Complaint.

74. Defendant denies that any of the Committee's actions are properly characterized as "false." Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

## CAUSES OF ACTION

### COUNT I
**Federal Tort Claims Act**
**Invasion of Privacy**

76. Defendant responds to Paragraph 76 of the Complaint by re-incorporating and restating its responses to Paragraphs 1 through 75 of the Complaint.

77. Defendant admits the allegations in Paragraph 77 of the Complaint.

78. Defendant admits that Plaintiff filed an administrative claim under 28 U.S.C. § 2675(a) and that such claim has been denied by letter dated October 19, 2023. Defendant otherwise lacks knowledge or information sufficient to form a

belief about the truth of the remaining allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint. Defendant's records indicate that Plaintiff's administrative claim was received on April 18, 2023.

80. Defendant denies the allegations in Paragraph 80 of the Complaint. Plaintiff's administrative claim was denied by letter dated October 19, 2023.

81. In response to the allegations in Paragraph 81 of the Complaint, Defendant admits it is usually responsible for the negligent or wrongful acts of its employees or agents, acting within the scope of their employment or agency, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* However, Defendant denies any allegations of wrongdoing or liability under the Federal Tort Claims Act and otherwise denies the remaining allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

## COUNT II
## Civil Conspiracy

87. Defendants responds to Paragraph 87 of the Complaint by re-incorporating and restating its responses to Paragraphs 1 through 86 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

## JURY DEMAND

91. Defendant denies that Plaintiff may try his claims before a jury as a jury is not available to him on these claims under federal law. *See* 28 U.S.C. § 2402. Defendant otherwise denies the allegations in Paragraph 91 of the Complaint.

## PRAYER FOR RELIEF

92. Defendant denies the allegations in Paragraph 92 of the Complaint and denies that Plaintiff is entitled to relief on his claims alleged in the Complaint.

93. Defendant denies any allegation not specifically addressed above.

WHEREFORE, having fully answered each and every allegation contained in the Complaint, the United States prays:

(a)     That this action be dismissed;

(b)     For an award of all allowable costs, including all court costs, against Plaintiff;

(c)    That pursuant to 28 U.S.C. § 1346(b) this action by Plaintiff is strictly

limited to the amount of his administrative claim; and

(d)    That the Court grant the United States such other relief as is just and

proper.

Dated: April 29, 2024.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

*/s/ Andres H. Sandoval*

A. JONATHAN JACKSON
*Assistant United States Attorney*
Georgia Bar No. 852077
Jonathan.Jackson2@usdoj.gov
ANDRES H. SANDOVAL
*Assistant United States Attorney*
Georgia Bar No. 643257
Andres.Sandoval@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000   Fax (404) 581-6181

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

STEFAN PASSANTINO,

PLAINTIFF,

v.

UNITED STATES OF AMERICA

DEFENDANTS.

Civil Action No.

4:23-cv-00300-ELR

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing has been prepared using Book Antiqua, 13-point font.

Dated: April 29, 2024.

*/s/ Andres H. Sandoval*
ANDRES H. SANDOVAL
*Assistant United States Attorney*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

STEFAN PASSANTINO,

Plaintiff,

v.

UNITED STATES OF AMERICA

Defendants.

Civil Action No.

4:23-cv-00300-ELR

**Certificate of Service**

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies counsel of record.

Dated: April 29, 2024.

/s/ Andres H. Sandoval
ANDRES H. SANDOVAL
*Assistant United States Attorney*