**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| STEFAN PASSANTINO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 4:23-CV-00300-ELR |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

**ORDER**

_____

Presently before the Court is Defendant Stefan Passantino's Motion for Indicative Ruling on Rule 60(b) Motion. [Doc. 54]. For the reasons discussed below, the Court denies the Motion.

This case stems from the alleged public disclosure by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol ("Committee") of private details concerning Passantino's legal representation of a White House aide and Committee witness, Cassidy Hutchinson, and the Committee's generation and promotion of a "harmful narrative" about the legal advice Passantino gave Ms. Hutchinson. See generally Compl. [Doc. 1]. Based on the Committee's alleged actions, Passantino sued the United States under the Federal Tort Claims Act, 28 U.S.C. § 2674, for invasion of privacy and civil conspiracy.

Compl. Counts I, II. On January 22, 2025, the Court ruled on several motions and, granting the United States judgment on the pleadings, dismissed the case. [Doc. 45]. Passantino appealed the Court's several rulings on February 13, 2025, [Doc. 47], and that appeal is pending.

On June 17, 2026, in view of a report from the Judicial Council of the Eleventh Circuit adopting the Amended Final Report of the Special Committee ("Report"), Order, Judicial Compl. No. 11-25-90212 (11th Cir. Judicial Council Feb. 11, 2026), Passantino sought an indicative ruling under Federal Rule of Civil Procedure 62.1(a) that the undersigned would grant a Rule 60(b)(6) motion for relief from the Order and Judgment dismissing this case and recuse herself from further proceedings. [See generally Doc. 54].

The Report concluded that an unnamed judge, since identified as the undersigned, attended an event—a private mixer—that was "part of a larger function that was undoubtedly partisan political in nature." Report at 12. The undersigned "attended only for the purpose of reuniting with former colleagues, did not speak publicly, did not make any donation, and did not otherwise engage in political activity while at the venue[,]" and the attendance did not appear to be "part of a larger pattern of improper participation in partisan politics." Id. at 17. The undersigned's attendance was nevertheless improper because "the overarching purpose of the larger event—of which the 'mixer' was a part—was to promote a

District Attorney's political campaign . . . [and] was sponsored by the District Attorney's campaign or donors to that campaign"[1] Id. Thus, the undersigned's "attendance at the political event . . . had the potential to erode public confidence in the independent and non-partisan nature of the judiciary." Id.

Passantino argues that the undersigned's attendance at the event for Fulton County District Attorney Fani Willis raises an appearance of bias that requires the undersigned to vacate the final judgment in this case and recuse herself from further proceedings. [Doc. 54-1 at 10–11]. This is so, Passantino explains, because Fani Willis, a "partisan Democrat," "attempted to prosecute President Trump for conduct related to the 2020 Presidential Election" and this suit concerns certain actions of the Committee, which was "structured and executed as a partisan body to target President Trump and anyone deemed connected to him." [Doc. 54-1 at 2, 10].

A judge is required to "disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In determining whether disqualification is necessary, the key question is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (cleaned

---

[1] The media has identified the referenced District Attorney as Fulton County District Attorney Fani Willis.

up). Because the relevant inquiry is an objective one, the Court is cognizant that "what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548 (1994).

Passantino maintains that the undersigned must recuse in this case for the same reason that she recused in United States v. Raffesnperger, No. 26-CV-00485 (N.D. Ga. Jan. 23, 2026). There, the undersigned recused because of the potential that an objective observer would perceive the undersigned's attendance at the mixer as support for Willis's attempt to prosecute President Trump over his alleged interference in Georgia's elections and, thus, entertain substantial doubt about the undersigned's partiality in a case "concern[ing] the Trump administration's efforts . . . to uphold election integrity in Georgia." Order at 4–5, United States v. Raffensperger, No. 26-CV-00485 (N.D. Ga. June 15, 2026), Dkt. 127. But unlike Raffensperger, this case does not concern election integrity in Georgia. Rather, it involves the Committee's alleged tortious acts against Passantino during its investigation into the events of January 6, 2021.

Reasonably read, the thrust of Passantino's argument is that the undersigned's attendance at the mixer signals support for Willis's position and, thus, for the Committee's partisan "pursuit against President Trump and those affiliated with him." [Doc. 54-1 at 12]. The Court, however, disagrees that an objective, disinterested observer with knowledge of the facts would significantly doubt the

undersigned's impartiality in this case. The undersigned's attendance at an event sponsored by Willis' campaign "had the potential to erode public confidence in the independent and non-partisan nature of the judiciary." Report at 17. Nevertheless, considering that the undersigned's attendance was a "one-time lapse in judgment and not part of a larger pattern of improper participation in partisan politics" and that the undersigned "attended only for the purpose of reuniting with former colleagues" and "did not interact with [Willis]," "did not speak publicly, did not make a donation, and did not otherwise engage in political activity while at the venue," id. at 12, 17, an objective and disinterested observer would not significantly doubt the undersigned's non-partisanship. Nor would such an observer significantly doubt the undersigned's neutrality regarding the Committee's investigation of the January 6, 2021 attack on the U.S. Capitol based on her attendance at the mixer.[2] In short, an objective inquiry does not support recusal here.

Finding no basis for recusal, the undersigned **DENIES** Plaintiff's Motion for Indicative Ruling on Rule 60(b) Motion, [Doc. 54], and accordingly, **DECLINES** to enter an order indicating that, on remand, the Court would vacate its Order, [Doc. 45], and subsequent Judgment, [Doc. 46], and that the undersigned would recuse herself from further proceedings in this case.

---

[2] January 6th Attack on the U.S. Capitol Web Archive, Library of Congress, https://www.loc.gov/collections/january-6th-attack-on-the-us-capitol-web-archive/about-this-collection/ (last visited June 25, 2026).

**SO ORDERED**, this 25th day of June, 2026.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

6